**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-00077-STV

AIMEE MORRISON,

　　　Plaintiff,

v.

JAMES BEEMER,

　　　Defendant.

---

**ORDER**

---

Entered By Magistrate Judge Scott T. Varholak

　　　This civil action is before the Court on Defendant's Motion to Dismiss [#30] ("the Motion"). The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##35, 36] This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED.**

**I.　　BACKGROUND[1]**

　　　According to the Second Amended Complaint ("the Complaint"), Defendant James Beemer owns a restaurant called the Sports Station. [#11 at 8] Plaintiff Aimee Morrison

---

[1] The facts are drawn from the allegations in Plaintiff's Second Amended Complaint [#11], which must be taken as true when considering a motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

started working as a server at the Sports Station in April 2019.  [*Id*. at 5, 11]  Plaintiff asserts that she has a physical disability of the "leg, hand, [and] hip."  [*Id*. at 4]

Starting in April 2019, Plaintiff notified Defendant that another employee, Angie Richardson, was harassing Plaintiff.  [*Id*. at 11]  Defendant told Plaintiff that Ms. Richardson was a "bully" but that Defendant thought Plaintiff could handle working with Ms. Richardson.  [*Id*. at 5]  On November 29, 2019, Ms. Richardson called Plaintiff "a stupid retarded handicapped fucker who couldn't serve food" and threatened to injure Plaintiff.  [*Id*.]  Plaintiff notified Defendant about the harassment, but Defendant "refused to take action to stop Richardson's harassment and permitted her to work her usual shifts."  [*Id*. at 11]  Plaintiff states that she was then "constructively discharged based on [her] protected class and/or in retaliation for engaging in protected activity."  [*Id*.][2]

On January 1, 2011, Plaintiff, proceeding pro se, initiated this action against Defendant; she filed her Second Amended Complaint on March 17, 2021.  [##1, 11]  The Complaint asserts claims for discrimination and retaliation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, and for discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e.  [#11 at 3-4, 8]  Defendant filed the instant Motion to Dismiss on May 21, 2021.  [#30]  Plaintiff has filed a response.  [#31]

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In

---

[2] The Court notes that some of this information is pulled from Plaintiff's complaint to the Colorado Civil Rights Division and EEOC, which is included with the Amended Complaint. [#11 at 11-12]  However, this document appears to either be missing pages or to be copied in such a way that part of the information is illegible to the Court.  [*Id*.]

deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (alteration in original) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).   Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).   Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  The court's ultimate duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  The

Court, however, cannot be a *pro se* litigant's advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### III.   ANALYSIS

Defendant argues that Plaintiff's claims fail as a matter of law because there is no individual liability under either the ADA or Title VII.  [#30 at 3-4]  He further argues that Plaintiff fails to state any claim.   [*Id*. at 4-8]

#### A.  Individual Liability

It is well established that neither Title VII nor the ADA imposes individual liability. *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir.1996) ("[W]e agree with the majority view that, taken as a whole, the language and structure of amended Title VII continues to reflect the legislative judgment that statutory liability is appropriately borne by employers, not individual supervisors."); *Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir. 1999) (noting reasons for precluding individual supervisor liability under Title VII apply equally to ADA); *Rolland v. Carnation Bldg. Servs., Inc.*, No. 16-cv-00057-CMA-NYW, 2016 WL 1618142, at *2 (D. Colo. Feb. 29, 2016), *report and recommendation adopted*, 2016 WL 1586558 (D. Colo. Apr. 20, 2016) ("The ADA, ADEA, and Title VII are all statutes under which an employer may be held liable; however, these statutes do not also include statutory liability for individual supervisors.").

"[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly."  *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 722 (11th Cir. 1991)); *see also Lewis v. Four B Corp.*, 211 F. App'x 663, 665 n.2 (10th Cir. 2005) ("[S]upervisors may be

named in their official capacity and/or as alter egos of the employer, but just as a means to sue the employer, and this procedural mechanism is superfluous where . . . the employer is already subject to suit directly in its own name." (internal citations omitted)).

It is unclear to the Court whether Plaintiff intends to sue Defendant Beemer in his individual or official capacities.  [*Compare* #11 at 2, 5, 8 (describing Defendant Beemer individually) *with id*. at 10 (EEOC document listing Sports Station as the respondent)]  To the degree that Plaintiff intends to sue Defendant in his individual capacity, such claims are DISMISSED with PREJUDICE.  But, because it is possible that Plaintiff intended to name Defendant in his official capacity, the Court will evaluate whether Plaintiff has stated a claim against Sports Station.  *Fodor v. D'Isernia*, 506 F. App'x 965, 966 (11th Cir. 2013) (reversing district court's dismissal of Title VII and ADA complaint against company owner with prejudice because, even though claims could not be brought against owner in his individual capacity, construed liberally, the pro se plaintiff may have intended to bring the claims against the company).

### B.  Title VII

Title VII creates a cause of action for discrimination based on an individual's "race, color, religion, sex, or national origin."  *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 457 (1975).  The Complaint does not allege discrimination against Plaintiff because of her membership in one of these protected classes [*see generally* #11], and Title VII does not support claims for disability discrimination.  *See* 42 U.S.C. § 2000e-2; *Omogbehin v. Cino*, 485 F. App'x 606, 609 (3d Cir. 2012) ("Title VII does not prohibit disability discrimination and related retaliation."); *Snay v. United States Postal Serv.*, 31 F.Supp.2d 92, 100 (N.D.N.Y.1998) ("Title VII does not cover disability discrimination").

Plaintiff's claim for disability discrimination under Title VII is therefore DISMISSED with PREJUDICE.

### C.  Discrimination under the ADA

Title I of the ADA prohibits employers from discriminating against employees on the basis of a disability.  42 U.S.C. § 12112(a).  To establish a prima facie case of discrimination under the ADA, an employee must show: (1) she is disabled within the meaning of the ADA; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) she was discriminated against because of her disability.  *Mason v. Avaya Commc'ns, Inc.*, 357 F.3d 1114, 1118 (10th Cir. 2004).  Defendant argues that Plaintiff has failed to allege that she is disabled within the meaning of the ADA.  [#30 at 6]  The Court agrees.

A disability, for purposes of the ADA, is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102.  Plaintiff describes her alleged disability only twice in the Complaint as follows:  (1) as a "physical disability leg, hand, hip" [#11 at 4], and (2) as a "mobility impairment" [*id*. at 11].  The Complaint provides no other information regarding Plaintiff's alleged disability and fails to identify any major life activity that has been impaired by the disability.  As a result, Plaintiff has failed to plausibly allege that she has a disability as defined by the ADA.  *Kahler v. Leggitt*, No. 18-CV-03162-WJM-KMT, 2019 WL 5104775, at *7 (D. Colo. May 3, 2019), *report and recommendation adopted*, 2019 WL 3928622 (D. Colo. Aug. 20, 2019) (recommending dismissal of ADA claim, in part, because the plaintiff failed to allege how her alleged disabilities impacted her daily life activities); *Baker v. Nw.*

*Med. Lake Forest Hosp.*, No. 16-CV-05669, 2017 WL 2908766, at *5 (N.D. Ill. July 7, 2017) ("[Plaintiff] has not alleged or explained, however, how either of these diseases substantially limits any major life activity. . . .  This alone is sufficient to dismiss her disability discrimination claims."); *Mabry v. Neighborhood Def. Serv.*, 769 F. Supp. 2d 381, 401 (S.D.N.Y. 2011) (dismissing ADA claim because complaint alleged "no facts tending to show that [plaintiff's] medical condition limits, let alone substantially limits," any major life activity).

Plaintiff's claim for discrimination under the ADA is therefore DISMISSED WITHOUT PREJUDICE.  *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (holding that when the plaintiff is proceeding pro se, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend" (quotation omitted)); *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding prejudice should not attach to dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").

### D. Retaliation under the ADA

"To establish a prima facie case of retaliation, a plaintiff must show: (1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."  *Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1265 (10th Cir. 2009) (internal quotation omitted). "Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a

practice made unlawful by" the statute.  *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008) (discussing "protected opposition" to discrimination in the context of a retaliation claim under the Age Discrimination in Employment Act).

Defendant argues that Plaintiff has failed to allege that Defendant acted in a retaliatory manner.  [#30 at 7-8]  Once again, the Court agrees.  The Complaint alleges that in November 2019, Plaintiff was harassed—and her disability mocked—by Ms. Richardson and that Plaintiff "immediately" notified Defendant of the harassment.  [#11 at 11]  It further alleges that on December 3, 2019 Plaintiff was "constructively discharged based on [her] protected class and/or in retaliation for engaging in protected activity."  [*Id.*] However, Plaintiff does not describe any facts surrounding her "constructive discharge."[3] "While specific facts are not necessary, . . . some facts are," and a Plaintiff may not rely upon "conclusory and formulaic recitations."  *Federspill v. Denver Pub. Sch.*, No. 17-cv-01480-WJM-STV, 2018 WL 6051335, at *7 (D. Colo. Sept. 12, 2018), *report and recommendation adopted*, 2018 WL 4846507 (D. Colo. Oct. 4, 2018); *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Because Plaintiff merely states in conclusory fashion that she was "constructively discharged," she does not plausibly plead that Defendant took any retaliatory action and she therefore fails to state a retaliation claim under the ADA.  Accordingly, the ADA retaliation claim is DISMISSED WITHOUT PREJUDICE.  *See Oxendine*, 241 F.3d at 1275;  *Reynoldson*, 907 F.2d at 127.

---

[3] As noted in Section I n.2, Plaintiff's Complaint appears to be missing pages and/or contains information that is illegible to the Court in its current form.

IV.     **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss [#30] is **GRANTED**. Should Plaintiff seek to file a Third Amended Complaint that corrects the deficiencies identified in this Order, she shall do so by October 29, 2021.  If Plaintiff does not file a Third Amended Complaint by that date, the Court will enter judgment in favor of Defendant.

DATED: October 7, 2021                          BY THE COURT:

                                                s/Scott T. Varholak
                                                United States Magistrate Judge