**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-00077-STV

AIMEE MORRISON,

    Plaintiff,

v.

JAMES BEEMER,

    Defendant.

_____

**ORDER TO SHOW CAUSE**
_____

Magistrate Judge Scott T. Varholak

    This civil action is before the Court on Plaintiff Aimee Morrison's Notice of Motion [#78], Letter [#79], and Notice of Motion [#80] (the "Motions"). The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##35, 36] For the following reasons the Court **STRIKES** the Motions and **ORDERS** Plaintiff to **SHOW CAUSE** why this Court should not preclude Plaintiff from making additional filings in this case.

    Plaintiff initiated this action pro se on January 11, 2021. [#1] She filed an Amended Complaint on February 1, 2021 [#6] and again on March 17, 2021 [#11]. On May 21, 2021, Defendant James Beemer filed a Motion to Dismiss all claims. [#30] On October 7, 2021, this Court entered an Order granting Defendant's Motion to Dismiss, dismissing Plaintiff's claims without prejudice, and instructing Plaintiff that should she "seek to file a Third Amended Complaint that corrects the deficiencies identified in th[e] Order, she shall do so by October 29, 2021. If Plaintiff does not file a Third Amended

Complaint by that date, the Court will enter judgment in favor of Defendant." [#50 at 9] Plaintiff failed to submit an amended complaint by the October 29 deadline, and on November 3, 2021, this Court entered judgment in favor of Defendant and closed the case. [#58] Accordingly, there is currently no live action in which Plaintiff may file motions for relief.

Throughout the pendency of this case Plaintiff has made a number of frivolous filings with this Court. Prior to final judgment, Plaintiff filed eight frivolous motions. [## 28, 40, 45, 48, 49, 51, 52, 55] This Court denied these motions for not making any cognizable request for relief.[1] [## 41, 46, 53, 56] Indeed, not only did the motions not request any particular relief, they additionally did not appear to relate to the content of the instant action.[2] Since the entry of final judgment, Plaintiff has continued to file motions which do not relate to this lawsuit and which do not request particular relief from the Court. [## 62, 65, 68, 71, 74, 75, 78, 79, 80] This Court has continued to deny Plaintiff's motions and warned her that they do not request appropriate relief. [*See* ## 63, 66, 69, 72, 76] In total, Plaintiff has filed seventeen frivolous motions, nine of which have been filed since this action was closed.

On December 22, 2021, the Court entered an Order striking Plaintiff a

---

[1] For example, Plaintiff's motions made requests such as asking the Court to "extinguish the power and the pull as it is stemming from this case." [*See* ##40, 41]

[2] This matter is an employment discrimination case, in which Plaintiff alleged that her former employer discriminated and retaliated against her in violation of her rights under the Americans with Disabilities Act and Title VII of the Civil Rights Act. [#11] Despite the nature of this suit, Plaintiff's motions refer to such matters as her family relations, her marriages, her DNA, and various conspiracies Plaintiff believes are taking place. [*See* ##52, 55] Occasionally, Plaintiff's motions refer to an individual, Angie Richardson, who is mentioned in the Complaint, [*see* ## 11; 52 (referencing Angie Richardson)], but the motions are generally unintelligible, and the Court is unable to draw any substantive connection to between the content of the motions and the allegations in the Complaint. Additionally, Ms. Richardson is not a named defendant in this matter. [*See* #11]

2

post-judgment motion filed by Plaintiff.  [#72]  The Order stated:

> Federal Rule of Civil Procedure 7 provides that only certain forms of pleading are permitted to be filed with the Court. The Notice of Motion is not a proper form of Pleading under Rule 7; nor is it a motion that requests relief from the Court. Indeed, the Notice appears to have no relation at all to the claims in this matter and makes no cognizable request for relief from the Court. Instead, it appears to list a number of grievances that Plaintiff has with members of her family, who are not parties to this action. This is the eleventh such motion filed in this action [##40, 45, 48, 49, 51, 52, 55, 62, 65, 68, 71], four of which have been filed since Final Judgment entered in favor of Defendant and this case was closed. The Court has denied each of these motions and informed Plaintiff that they do not seek appropriate relief. [See ##41, 46, 53, 56, 63, 66, 69] Accordingly, the Court STRIKES the instant 71 Notice for Motion and warns Plaintiff that further filings should relate only to the content of this action. Moreover, Plaintiff is reminded that this action has been closed, thus making only a limited type of filings potentially appropriate given the status of the case. Plaintiff is therefore warned that she should not make future frivolous filings in this matter.

[*Id.*]  Despite this warning, Plaintiff filed two additional motions on January 3, 2022. [## 74, 75]  The Court thereafter entered an order denying the motions and again warning Plaintiff:

> This Court has previously warned Plaintiff to not file frivolous motions in this matter 72 , which has been closed for several months. Nonetheless, Plaintiff has filed an additional two motions which do not pertain to the substance of this suit, nor do they request relief from this Court. Plaintiff is warned that additional motions of this nature may result in the imposition of filing restrictions.

[#76]  Nonetheless, Plaintiff has since filed an additional three motions, each of which refer to matters not related to this action and which do not request cognizable relief from this Court.  [## 78, 79, 80]

Plaintiff has continually ignored this Court's directives and continues to file groundless, repetitive motions which require the Court to expend its limited judicial resources repeating its prior directives to Plaintiff.  This Court will not continue to do so. *See Nasuti v. Whole Foods Mkt.*, No. 19-cv-00509-RM-KMT, 2019 WL 1468395, at *1,

n.3 (D. Colo. Apr. 3, 2019), *aff'd*, 783 F. App'x 797 (10th Cir. 2019) ("[T]he court has limited judicial resources and should not have to expend them dealing with duplicative [motions]."); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) ("[C]ourts . . . are not required to expend judicial resources endlessly entertaining repetitive arguments.").

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). The Court therefore finds it appropriate to **STRIKE** Plaintiff's most recent three Motions as frivolous and to **ORDER** Plaintiff to **SHOW CAUSE** why this Court should not preclude Plaintiff from filing any further motions in this case. *See Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances.").

Accordingly, **IT IS ORDERED** that

(1) Plaintiff's pending Motions [## 78, 79, 80] are **STRICKEN**; and

(2) Plaintiff shall **SHOW CAUSE**, if any there be, in writing on or before **February 21, 2022**, why this Court should not preclude Plaintiff from filing any additional motions in this case; and

(3) The Clerk of Court shall mail a copy of this Order to Plaintiff at her address of record.

DATED:  January 27, 2022                    BY THE COURT:

                                                      s/Scott T. Varholak
                                                     United States Magistrate Judge