IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00077-STV

AIMEE MORRISON,

    Plaintiff,

v.

JAMES BEEMER,

    Defendant.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

This civil action is before the Court on Plaintiff Aimee Morrison's failure to respond to this Court's January 27, 2022 Order to Show Cause [#81]. The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##35, 36] For the following reasons the Court **STRIKES** [#96] Motion and [#97] Motion and **ENJOINS** Plaintiff from future pro se filings in this matter, unless she complies with the instructions detailed herein.

    I.    **BACKGROUND**

Plaintiff initiated this action pro se on January 11, 2021. [#1] She filed an Amended Complaint on February 1, 2021 [#6] and again on March 17, 2021 [#11]. On May 21, 2021, Defendant James Beemer filed a Motion to Dismiss all claims. [#30] On October 7, 2021, this Court entered an Order granting Defendant's Motion to Dismiss, dismissing Plaintiff's claims without prejudice, and instructing Plaintiff that should she "seek to file a Third Amended Complaint that corrects the deficiencies identified in th[e]

Order, she shall do so by October 29, 2021. If Plaintiff does not file a Third Amended Complaint by that date, the Court will enter judgment in favor of Defendant." [#50 at 9] Plaintiff failed to submit an amended complaint by the October 29 deadline, and on November 3, 2021, this Court entered judgment in favor of Defendant and closed the case. [#58] Accordingly, there is currently no live action in which Plaintiff may file motions for relief.

Throughout the pendency of this case Plaintiff has made a number of frivolous filings with this Court. Prior to final judgment, Plaintiff filed eight frivolous motions. [## 28, 40, 45, 48, 49, 51, 52, 55] This Court denied these motions for not making any cognizable request for relief.[1] [## 41, 46, 53, 56] Indeed, not only did the motions not request any particular relief, they additionally did not appear to relate to the content of the instant action.[2] Since the entry of final judgment, Plaintiff has continued to file motions which do not relate to this lawsuit and which do not request particular relief from the Court. [## 62, 65, 68, 71, 74, 75, 78, 79, 80, 83, 86, 89, 90, 91, 96, 97] This Court has continued to deny Plaintiff's motions and warned her that they do not request appropriate relief. [See ## 63, 66, 69, 72, 76] In total, Plaintiff has filed twenty four frivolous motions, sixteen of which were filed since this action was closed and seven

---

[1] For example, Plaintiff's motions made requests such as asking the Court to "extinguish the power and the pull as it is stemming from this case." [See ##40, 41]

[2] This matter is an employment discrimination case, in which Plaintiff alleged that her former employer discriminated and retaliated against her in violation of her rights under the Americans with Disabilities Act and Title VII of the Civil Rights Act. [#11] Despite the nature of this suit, Plaintiff's motions refer to such matters as her family relations, her marriages, her DNA, and various conspiracies Plaintiff believes are taking place. [See ##52, 55] Occasionally, Plaintiff's motions refer to an individual, Angie Richardson, who is mentioned in the Complaint, [see ## 11; 52 (referencing Angie Richardson)], but the motions are generally unintelligible, and the Court is unable to draw any substantive connection between the content of the motions and the allegations in the Complaint. Additionally, Ms. Richardson is not a named defendant in this matter. [See #11]

2

which were filed after this Court issued an Order to Show Cause regarding Plaintiff's frivolous filings. [#81]

This Court has provided Plaintiff with a number of warnings and opportunities to remedy her defective filings. For example, on December 22, 2021, the Court entered an Order striking a post-judgment motion filed by Plaintiff. [#72] The Order stated:

> Federal Rule of Civil Procedure 7 provides that only certain forms of pleading are permitted to be filed with the Court. The Notice of Motion is not a proper form of Pleading under Rule 7; nor is it a motion that requests relief from the Court. Indeed, the Notice appears to have no relation at all to the claims in this matter and makes no cognizable request for relief from the Court. Instead, it appears to list a number of grievances that Plaintiff has with members of her family, who are not parties to this action. This is the eleventh such motion filed in this action [##40, 45, 48, 49, 51, 52, 55, 62, 65, 68, 71], four of which have been filed since Final Judgment entered in favor of Defendant and this case was closed. The Court has denied each of these motions and informed Plaintiff that they do not seek appropriate relief. [See ##41, 46, 53, 56, 63, 66, 69] Accordingly, the Court STRIKES the instant 71 Notice for Motion and warns Plaintiff that further filings should relate only to the content of this action. Moreover, Plaintiff is reminded that this action has been closed, thus making only a limited type of filings potentially appropriate given the status of the case. Plaintiff is therefore warned that she should not make future frivolous filings in this matter.

[*Id.*] Despite this warning, Plaintiff filed two additional motions on January 3, 2022. [## 74, 75] The Court thereafter entered an order denying the motions and again warning Plaintiff:

> This Court has previously warned Plaintiff to not file frivolous motions in this matter 72 , which has been closed for several months. Nonetheless, Plaintiff has filed an additional two motions which do not pertain to the substance of this suit, nor do they request relief from this Court. Plaintiff is warned that additional motions of this nature may result in the imposition of filing restrictions.

[#76] Nonetheless, Plaintiff filed an additional three motions, each of which refer to matters not related to this action and which do not request cognizable relief from this Court. [## 78, 79, 80]

3

Accordingly, on January 27, 2022, the Court entered an Order to Show Cause, ordering Plaintiff to show cause, if any there be, why this Court should not impose filing restrictions on Plaintiff due to her frivolous filings. [#81] The Order instructed Plaintiff to show cause on or before February 21, 2022. [*Id.*] Plaintiff did not file a response to the Order to Show Cause by that deadline. Instead, since entry of that Order Plaintiff has filed an additional seven motions,[3] each of which are frivolous in nature and none of which respond to—nor even reference—the Order to Show Cause.[4] [## 83, 86, 89, 90, 91, 96, 97]

## II.     ANALYSIS

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). District courts have the power to enjoin litigants who "abuse the court system by harassing their opponents." *Id.* at 352. The Tenth Circuit has

---

[3] The Court highlights again the frivolous nature of Plaintiff's motions. For example, in her most recent two motions Plaintiff asserts that she is "moving" a number of countries—such as Canada and France—and individuals unrelated to the claims in this action. [##96, 97] She further describes such incidents as her wedding vow renewal ceremony, an illegal device "not approved by the FDA for internal use," a "blood replacement procedure," an assault among individuals not related to this action, the "London CIA," and a conspiracy to commit murder. [*Id.*] Once again, none of these matters relate to the substance of this action, which is an employment discrimination dispute. The motions, moreover, do not request any identifiable relief from the Court.

[4] The Court has recently received several notices that mail sent to Plaintiff by this Court is being returned as undeliverable to the address Plaintiff provided the Court upon initiation of this action. [*See* ##94, 95, 98, 99] The notices indicate that delivery was attempted, but that the post office was unable to forward the mail. [*Id.*] It is Plaintiff's duty to provide the Court with an updated address within five days of a change. D.C.COLO.LCivR 5.1(c). Plaintiff has not done so. The Court has, additionally, compared the address it has on file to the return address listed on Plaintiff's most recent motions. [## 96, 97] The addresses are identical. Thus, because Plaintiff continues to provide this address to the Court for mailing purposes, the Court will mail this and any other order to Plaintiff at that address.

further recognized that "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). "[E]ven onerous conditions may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) (quotation omitted). "The conditions cannot be so burdensome, however, as to deny a litigant meaningful access to the courts." *Id.*

The Tenth Circuit has upheld filing restrictions on litigants when their "behavior amount[s] to a pattern of malicious, abusive, and frivolous litigation." *Demos v. Keating*, 33 F. App'x 918, 920 (10th Cir. 2002) (unpublished) (collecting cases). "Filing restrictions are appropriate where '(1) the litigant's lengthy and abusive history' is set forth; (2) the court provides guidelines as to what the litigant must do to obtain permission to file an action; and (3) 'the litigant receives notice and an opportunity to oppose the court's order before it is instituted.'" *Lundahl v. Halabi*, 600 F. App'x 596, 609-610 (10th Cir. 2014). (quoting *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010)). "The notice and opportunity requirement does not, however, require an in-person hearing in the district court." *Tripati*, 878 F.2d at 354.

This Court has, in this Order and its previous Order to Show Cause [#81], recounted Plaintiff's pattern of frivolous, repetitive filings and continued disregard for the court's orders denying Plaintiff's motions, which behavior constitutes abusive and frivolous litigation. *See Okon v. Comm'r*, 26 F.3d 1025, 1027 (10th Cir. 1994) ("[W]hether the conduct of this litigant is abusive" may be demonstrated by "a history of

5

repetitive and meritless claims, or the pursuit of numerous facially inappropriate motions in [the present] proceeding."). Plaintiff's continual refusal to comply with this Court's directives has required the Court to expend its limited judicial resources addressing Plaintiff's motions and repeating its prior directives to Plaintiff. This Court will not continue to do so. *See Nasuti v. Whole Foods Mkt.*, No. 19-cv-00509-RM-KMT, 2019 WL 1468395, at *1, n.3 (D. Colo. Apr. 3, 2019), *aff'd*, 783 F. App'x 797 (10th Cir. 2019) ("[T]he court has limited judicial resources and should not have to expend them dealing with duplicative [motions]."); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) ("[C]ourts . . . are not required to expend judicial resources endlessly entertaining repetitive arguments.").

The Court is cognizant of Plaintiff's pro se status and the requirement that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)). Plaintiff was given the opportunity to respond to the Court's suggestion of restrictions, and to correct her behavior, and has not shown sufficient cause as to why this Court should not enjoin her from making additional filings in this matter.

Moreover, although Plaintiff's filings do not rise to the most extreme end of abuse of the judicial process, this Court has nonetheless expended significant resources addressing the slew of frivolous motions filed by Plaintiff. *See, e.g.*, *Petrick v. State of*

*Okla.*, 77 F.3d 493, 1996 WL 84122, at *1 (10th Cir. 1996) ("Although there is no set number of filings at which point restrictions become appropriate, we note that we typically have imposed or upheld restrictions in cases involving a far greater number of abusive filings [than five]." (collecting cases)). The court therefore does not find it necessary to wait for Plaintiff to file additional motions to conclude that filing restrictions are warranted. *See Tso v. Murray*, No. 17-cv-02523-PAB-STV, 2019 WL 4463285, at *2 (D. Colo. Sept. 18, 2019), *aff'd*, 822 F. App'x 697 (10th Cir. 2020) (unpublished) (finding that there is no legal requirement that a litigant file a certain number of abusive actions before a court may impose filing restrictions); *United States v. Coleman*, 707 F. App'x 563 (10th Cir. 2017) (unpublished) (affirming filing restrictions where the plaintiff had filed "six motions and two civil lawsuits").

Accordingly, this Court FINDS that filing restrictions are warranted, particularly in light of the sheer volume of unrelated motions filed by Plaintiff in past three months alone. *See Curne v. Liberty Mut. Ins. Co.*, No. 2:21-CV-02192, 2021 WL 4243123, at *2-*4 (D. Kan. Sept. 17, 2021) (imposing filing restrictions after litigant filed numerous frivolous motions); *Gaiters v. City of Catoosa*, 226 F. App'x 826, 829 (10th Cir. 2007) (affirming district court's imposition of filing restrictions in only the case at issue after litigant filed series of frivolous motions).

### A. Filing Restrictions

Because Plaintiff's "lengthy and abusive filing history is limited to" filings in this case, the Court finds that "[t]he filing restriction order should be specifically tailored" to filings in this matter. *Judd v. Univ. of New Mexico*, 149 F.3d 1190, 1998 WL 314315, at *4 (10th Cir. 1998) (unpublished table decision). The Court thus imposes the following restrictions:

7

(1) With the exception of a specific objection to the instant Order imposing filing restrictions, Plaintiff Aimee Morrison is ENJOINED from filing further pro se motions, pleadings, or other filings in this matter unless she first obtains leave to file such pleading pro se.

(2) If Plaintiff, proceeding pro se, desires to file any motion or other filing in this matter, she shall file a petition with the Clerk of Court requesting leave to file. Such petition shall include:

    a. A copy of this Order;

    b. A copy of the proposed motion or filing;

    c. A notarized affidavit which recites the issues she seeks to present, including a short statement of the legal basis asserted for the challenge. The affidavit must also certify, to the best of Plaintiff's knowledge, that the legal arguments advanced are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the motion is not interposed for any improper purpose; and that she will comply with all federal rules and local rules of this Court.

(3) Plaintiff shall mail or otherwise deliver her submissions to the Clerk of the Court, who shall forward them to the judge of this Court for determination as to whether the motion is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an order of denial.

(4) Failure to follow these procedures will result in the summary rejection of any future motion Plaintiff attempts to file with this Court in the instant matter. Should any future motion be delivered to the Clerk of Court without the required copy of this Order and the notarized affidavit, the Clerk of Court may return it to Plaintiff unfiled.

### B. Notice and Opportunity to be Heard

Finally, before filing restrictions may be imposed, Plaintiff must be accorded notice and an opportunity to oppose the restrictions. *Lundahl*, 600 F. App'x at 609-610. Although Plaintiff failed to respond to this Court's Order to Show Cause regarding these restrictions, the filing restrictions in this Order are more specific than those identified in the Order to Show Cause. Accordingly, Plaintiff shall have 14 days from the date of this Order to file written objections to these proposed restrictions. Unless this Court orders

8

otherwise upon review of any objections, the restrictions identified in this Order shall take effect thirty days from the date of this Order and shall apply to all future motions, pleadings, and filings filed by Plaintiff in her pro se capacity in *this case only*.

### III.     CONCLUSION

Accordingly, **IT IS ORDERED** that

(1) Plaintiff's pending Motions [## 96, 97] are **STRICKEN**; and

(2) Plaintiff is **ENJOINED** from filing additional motions, pleadings, or other filings in this matter, unless she complies with the instructions identified in Section II.A, above.

(3) The Clerk of Court shall mail a copy of this Order to Plaintiff at her address of record.

DATED:  March 2, 2022                              BY THE COURT:

                                                                       s/Scott T. Varholak
                                                                       United States Magistrate Judge

9